UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JONATHAN NELLUMS, | ) |
| Plaintiff, | ) ) ) |
| | ) 3 08 1199 |
| v. | ) No. 3:08mc0277 |
| | ) Judge Campbell |
| SHERIFF TRUMAN JONES, ET AL., | ) |
| Defendants. | ) |

## MEMORANDUM

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Rutherford County Adult Detention Center (RCADC) in Murfreesboro, Tennessee. He brings this action under 42 U.S.C. § 1983 against: 1) Truman Jones, Sheriff of Rutherford County; 2) the County of Rutherford; and 3) RCADC.[1] The plaintiff seeks money damages and injunctive relief, alleging violations of his rights under the First, Eighth, and Fourteenth Amendments.

The plaintiff alleges that RCADC, "in the c/o of Sheriff Truman Jones," has denied him access to law books and legal materials. (Docket Entry No. 1, ¶ IV, p. 3) The plaintiff also alleges that he has been "locke[ed] down" since he brought this action, that he has lost his phone privileges as well as recreation and visitation rights, and that he has been called "names" because of his weight. (Docket Entry No. 1, ¶ IV, p. 3) Finally, the plaintiff alleges that RCADC is unsanitary because of rust. (Docket Entry No. 1, ¶ IV, p. 3)

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived

---

[1] In the style of the case, the plaintiff identifies the defendant(s) as, "Sheriff Truman Jones c/o Rutherford Co Adult Detention Center." (Docket Entry No. 1, p. 1) In the body of the complaint, the plaintiff writes in the space provided for a second defendant, "NONE/Rutherford Co." (Docket Entry No 1, ¶ III B 2, p. 4) The Court assumes for the sake of completeness that the plaintiff intended to sue both RCADC and the County of Rutherford in addition to Sheriff Jones.

of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). Although the courts are required to construe *pro se* complaints liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

The complaint is clear on its face that the plaintiff is suing Sheriff Jones in his official capacity only. (Docket Entry No. 1, ¶ III B, p. 4) A sheriff sued in his official capacity is deemed to be a suit against the county. *Marchese v. Lucas*, 758 F.2d 181, 189 (6th Cir. 1985)(citing *Brandon v. Holt*, 469 U.S. 464 (1985))

To be entitled to relief against the County of Rutherford under § 1983, the plaintiff must show that the alleged violations of his constitutional rights stemmed from a County policy, regulation, decision, custom, or the tolerance of a custom of such violations. Otherwise, a § 1983 claim will not lie. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. New York City Department of Soc. Serv's*, 436 U.S. 658, 690-91 (1978); *Doe v. Claiborne County, Tenn.*, 103 F.3d 495, 507-09 (6th Cir. 1996). The plaintiff neither alleges, nor can it be liberally construed

2

from the complaint, that any such County regulation, decision, custom, or tolerance of a custom of such violations was responsible for the alleged violation of his constitutional rights. Therefore, neither Sheriff Jones nor the County of Rutherford is liable to the plaintiff under § 1983.

Turning to RCADC, "persons" exposed to legal liability under § 1983 include municipal corporations and other "bodies politic and corporate." *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997), *cert. denied*, 522 U.S. 914 (1997)(citing *Monell*, 436 U.S. at 688 and *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988)(*per curiam*). Because RCADC is not a body politic or corporate, it is not a "person" within the meaning of § 1983. *See Mitchell v. Chester County Farms Prison*, 426 F.Supp. 271, 274 (D.C.Pa.1976); *Marsden v. Fed. BOP*, 856 F.Supp. 832, 836 (S.D.N.Y. 1994); *Powell v. Cook County Jail*, 814 F.Supp. 757, 758 (N.D.Ill.1993); *McCoy v. Chesapeake Corr'l Ctr.*, 788 F.Supp. 890, 893-894 (E.D.Va 1992)(all cases standing for the proposition that prisons and jails are not "persons" within the meaning of § 1983). Consequently, RCADC also is not liable to the plaintiff under § 1983.

For the reasons explained above, the complaint will be dismissed for failure to state a claim on which relief may be granted. An appropriate order will be entered.

*[signature: Todd Campbell]*
Todd Campbell
United States District Judge

3